**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NICHOLAS DAYTER,

Plaintiff,

1:25-cv-01532 (BKS/ML)

v.

DANIELLE BURNS, OFFICER DEVIN JUKES and OFFICER ELIZA VALENTI,

Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Nicholas Dayter
Cohoes, NY 12047

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff pro se Nicholas Dayter commenced this action asserting claims against Defendants Burnes, Jukes and Valenti under 42 U.S.C. § 1983 arising out of his arrest for stalking and aggravated harassment. (Dkt. No. 1). Plaintiff alleges that Officers Jukes and Valenti arrested him on "on false charges and falsified documents"; that Probation Officer Burnes falsely violated Plaintiff on probation for that crime; and that Plaintiff was acquitted after spending sixty days in jail. (Dkt. No. 1). Plaintiff alleges that each of the Defendants intentionally filed false reports. (*Id.*) He asserts claims for unconstitutional conditions of confinement, denial of due process, First Amendment retaliation, and false imprisonment. (*Id.*). Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2).

This matter was referred to United States Magistrate Judge Miroslav Lovric for an initial review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 72.3(d). On September 3, 2026,

Magistrate Judge Lovric issued a Report-Recommendation granting Plaintiff's application to proceed IFP and recommending that claims of false imprisonment and malicious prosecution in violation of the Fourth Amendment and 42 U.S.C. § 1983 against Defendants in their individual capacities be permitted to proceed. (Dkt. No. 4). Magistrate Judge Lovric recommended that claims against Defendants in their official capacities be dismissed without prejudice and with leave to amend, and that the following claims against the Defendants in their individual capacities be dismissed without prejudice and with leave to amend: the conditions of confinement claim, the retaliation claim, and the denial of due process claim. (*Id.*). Magistrate Judge Lovric informed Plaintiff that he had fourteen days within which to file written objections to the Report-Recommendation under 28 U.S.C. § 636(b)(1), and that the failure to object within fourteen days would preclude appellate review. (*Id.* at 13). No objections to the Report-Recommendation have been filed.

As no objections have been filed, the Court has reviewed the Report-Recommendation for clear error. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation, the Court adopts Magistrate Judge Lovric's recommendation, with one exception. Magistrate Judge Lovric recommended that Plaintiff's due process claim be dismissed as duplicative of his false arrest claim. (Dkt. No. 4, at 9–10). The Court agrees that Plaintiff's substantive due process claim should be dismissed for the reasons cited by Magistrate Judge Lovric. However, to the extent Plaintiff's due process claim is a procedural due process claim premised on a theory that the Defendants fabricated evidence against him, and knowingly submitted this fabricated evidence for trial, his procedural due process claim is not duplicative of his false arrest and malicious prosecution claims. *See*, *e.g.*, *Garnett v. Undercover Officer*

*C0039*, 838 F.3d 265, 278 (2d Cir. 2016) ("Because probable cause is no defense to a denial of the right to a fair trial claim, fair trial claims cover kinds of police misconduct not addressed by false arrest or malicious prosecution claims."); *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276 (S.D.N.Y. 2010) (noting that the Second Circuit has permitted "claims for both malicious prosecution and a denial of his right to trial based on the same alleged fabrication of evidence"). Therefore, at this early stage of the case, the Court will not dismiss procedural due process fair trial claims against the individual Defendants.

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 4) is **ADOPTED in part**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with leave to amend,** with respect to (a) claims against Defendants in their official capacities, and (b) Plaintiff's conditions of confinement claim, retaliation claim, and denial of substantive due process claim against Defendants in their individual capacities; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **ACCEPTED FOR FILING** to the extent that it asserts claims of false imprisonment, malicious prosecution and fair trial claims based on fabricated evidence under 42 U.S.C. § 1983 against Defendants in their individual capacities; it is further

**ORDERED** that any amended complaint must be filed within thirty (30) days of the date of this Order. Any amended complaint must be a complete pleading which will replace the current Complaint in total; and it is further

**ORDERED** that if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Lovric for review; and it is further

**ORDERED** that, if Plaintiff fails to file an amended complaint within 30 days from the date of this Order or to request an extension of time to do so, the Complaint will proceed as to the above-identified claims and the Clerk shall issue summonses as to Defendants Burns, Jukes and Valenti, and forward them with copies of the Complaint and a packet containing General Order 25, which sets forth this district's Civil Case Management Plan, to the United States Marshal for service upon Defendants. Defendants must file a formal response to Plaintiff's Complaint (Dkt. No. 1) as provided for in the Federal Rules of Civil Procedure subsequent to service of process; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions. Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 4, 2026
Syracuse, New York

Brenda K Sannes
Brenda K. Sannes
Chief U.S. District Judge